IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN PICKETT                                        :
                                                    :
            Plaintiff                               :       JURY TRIAL DEMANDED
vs.                                                 :
                                                    :
GUSTAVO PLAZA, ANGULO                               :
TRANSPORTATION SERVICES, LLC,                       :
and ANGULO TRANSPORTATION                           :
SERVICE, LLC,                                       :           No.:  5:25-cv-02797
                            Defendants              :

## PROPOSED VERICT SHEET

1.      Do you find that the Defendant, Gustavo Plaza, was negligent?

\_\_\_\_\_ Yes                    \_\_\_\_\_No

If you answer Question #1 "no", Plaintiff cannot recover, and you should not answer any

further questions and return to the Courtroom.

2.      Was the negligence of the Defendant, Gustavo Plaza, a factual cause for the injuries

sustained by the Plaintiff?

\_\_\_\_\_Yes                    \_\_\_\_\_No

If you answer Question #2 "no", the Plaintiff cannot recover, and you should not answer

any further questions and should return to the Courtroom.

3.      Was the Plaintiff, John Pickett Jr., negligent?

\_\_\_\_\_Yes                    \_\_\_\_\_No

If you answer Question #3 "no", proceed to Question #6.

4.      If you answer Question #3 "yes", Was the negligence of John Pickett Jr., a factual cause

in bringing about his injuries?

\_\_\_\_\_Yes                    \_\_\_\_\_ No

5.    Taking the combined negligence that was the cause of bringing about the injuries

sustained by John Pickett Jr., as 100%, what percentage of that negligence was attributable to the

Defendant, Gustavo Plaza and was percentage is attributable to the Plaintiff, John Pickett Jr.?

Percentage of negligence attributable to the Defendant,
Gustavo Plaza                                                                    _____%

Percentage of negligence attributable to the Plaintiff,
John Pickett Jr.,                                                                _____%

                                            TOTAL            _____100___%

If you have found that the negligence of the Plaintiff, John Pickett Jr., was greater than

50%, then the Plaintiff cannot recover, and you should not answer Question #6 and return to the

Courtroom.

6.    State the amount of damages sustained by the Plaintiff as a result of the crash that

occurred on November 18, 2022, without regard to and without considering any reduction by the

percentage of causal negligence that you attributed to him:

    a)  Past pain and suffering                        $_____

    b)  Future pain and suffering                      $_____

    c)  Past emotional distress, mental anguish
        and embarrassment                              $_____

    d)  Future emotion distress, mental anguish
        and embarrassment                              $_____

    e)  Past loss of everyday pleasures and
        enjoyments of life                             $_____

    f)  Future loss of everyday pleasures and
        enjoyments of life                             $_____

    g)  Past medical bills                             $_____

    h)  Future medical bills                           $_____

TOTAL          $_____ [1]


_____                    _____
DATE                                    JURY FOREMAN

---

[1] This verdict slip is consistent with the verdict slip approved by the Pennsylvania Superior Court in **Gillingham v. Consol Energy, Inc., 51 A.2d 841 (Pa. Super. 2012),** wherein the Superior Court reversed its prior decision in **Carpinet v. Mitchell, 853 A.2d 366 (Pa. Super. 2004**).  In reversing, the Court explained that it relied upon **Pa.R.C.P. 223.3**, which was adopted subsequent to the **Carpinet** decision.  **Pa.R.C.P. 223.3** states, as follows:

> In an action for bodily injury or death in which a plaintiff has raised a claim for a damage award for noneconomic is loss that is viable under applicable substantive law, the court shall give the following instructions to the jury. The plaintiff has made a claim for a damage award for past and for future noneconomic loss.   There are four items that make up a damage award for noneconomic loss, both past and future: (1) pain and suffering; (2) embarrassment and humiliation; (3) loss of ability to enjoy the pleasures of life; and (4) disfigurement.